IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERIC A. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:21-cv-813 |
| | ) |
| DENIS R. MCDONOUGH, Secretary | ) |
| of Department of Veterans | ) |
| Affairs, RAYMOND STRUTH, Chief | ) |
| of Nutrition and Food Services, | ) |
| RUBY SMITH, Supervisor of | ) |
| Nutrition and Food Services, | ) |
| PATSY JONES, Supervisor of | ) |
| Nutrition and Food Services, | ) |
| | ) |
| Defendant(s). | ) |

**ORDER**

This matter is before this court for review of the Text Recommendation ("Recommendation") filed on November 7, 2022, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). In the Recommendation, the Magistrate Judge recommended that this action be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). (Text Recommendation 11/7/2022.) The Recommendation was served on the parties to this action on November 8, 2022. (Doc. 5.) In response, Plaintiff filed a pleading, "Motion for Reconsideration Including ROI's with Request to Conjoin Cases with Response to Notice of Mailing Recommendation, Motion for Extension to Respond to Your Honor in

More Detail with Additional Evidence Including a Motion to Appoint an Attorney, and Motion that the Agency has Committed Acts of Character Assassination." (Doc. 6.) Subsequently, Plaintiff filed a supplemental filing, "Evidence for Motion Response to R&R." (Doc. 7.) This court will construe those filings as Plaintiff's objections to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objections were made and this court's de novo determination is in accord with the Magistrate Judge's Recommendation.

The Magistrate Judge recommends dismissal of this action on three grounds: (1) the complaint is untimely because Plaintiff alleges that he received his right to sue letter on 11/8/2017 and did not file this action until October 2021; (2) the complaint offers no factual information to plausibly support Plaintiff's claims; and (3) Plaintiff names as defendants only

-2-

Case 1:21-cv-00813-WO-LPA   Document 8   Filed 01/04/23   Page 2 of 9

supervisory personnel rather than his employer. (Text Recommendation 11/07/2022.) In response to the Recommendation, Plaintiff has filed a six-page pleading, (see Doc. 6), and over 300 pages of documents, (see Doc. 6-1). "[C]ourts traditionally view civil rights complaints, particularly those brought pro se, with 'special judicial solicitude.'" Weller v. Dep't of Soc. Servs. for the City of Baltimore, 901 F.2d 387, 390 (4th Cir. 1990). However, the "'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate," and "a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Id. at 391. Plaintiff, in his objections, has both filed a host of documents that defy any reasonable effort to unravel the facts and failed to respond to the grounds for dismissal identified by the Magistrate Judge.

As an initial matter, Plaintiff has not provided any fact which undermines the Magistrate Judge's finding that the complaint is not timely filed. Although Plaintiff's "investigative report," (Doc. 60-1), contains correspondence relating to the EEO complaint of discrimination, (see id.), those filings suggest Plaintiff filed his original complaint of discrimination on August 10, 2017, (id. at 3), and supplemented

-3-

that complaint on November 22, 2017, (id. at 4). According to Plaintiff's materials, the Department of Veteran's Affairs advised Plaintiff on November 8, 2017 that it was closing the informal counseling process and that Plaintiff could file a formal complaint or take no further action. (Id. at 6, 8.) Plaintiff chose to file a formal complaint. (Id. at 11, 25-27, 31-33.) On May 22, 2018, an investigative report was prepared. (Id. at 38-45.) Plaintiff provides no other documentation that might support a finding that the complaint is timely filed despite the Magistrate Judge's clear finding that the complaint was not timely filed. At most, it appears Plaintiff's complaint of discrimination was submitted for decision on May 21, 2018. (Id. at 102.) Plaintiff has provided no factual allegations to contradict his allegation, even if mistaken, that he received a right to sue letter on November 8, 2018. Further, Plaintiff has not provided any information to suggest a later date is applicable. There is no evidence the EEO investigation proceeded past May 21, 2018, nor is there any evidence that Plaintiff received a right to sue letter in the 90 days preceding the October 18, 2021 filing of his complaint before this court.

    Even assuming Plaintiff did in fact receive a right to sue letter of some sort during 2018, Plaintiff alleges that he was terminated on December 5, 2019 but does not allege any fact

-4-

Case 1:21-cv-00813-WO-LPA   Document 8   Filed 01/04/23   Page 4 of 9

which might suggest a date after December 5, 2019 should be deemed an appropriate date supporting a finding of timeliness under 42 U.S.C. § 2000e-5(f)(1).

The Recommendation provided Plaintiff with fair notice that his complaint was subject to dismissal on grounds of timeliness. (See Text Recommendation 11/07/2022.) Plaintiff filed more than 300 pages of documents, but none of the documents provided relate to the timeliness of any right to sue letter Plaintiff may have received or provide for a conclusion different from that reached by the Magistrate Judge. Plaintiff will not be permitted to prevail on a timeliness issue by obscuring the facts of his case with a host of documents that address a number of matters other than timeliness. This court concludes that the Magistrate Judge's finding that Plaintiff's complaint was not timely filed should be adopted.

In addition to the timeliness issue, Plaintiff's filings raise another issue that also appears to require dismissal. Plaintiff is a federal employee, and

> [t]he Civil Service Reform Act ("CSRA") of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), requires unions and federal employers to include procedures for settling grievances in their collective bargaining agreements. With limited exceptions, the CSRA mandates that those grievance procedures "shall be the exclusive administrative procedures for resolving grievances which fall within its coverage." 5 U.S.C. § 7121(a)(1). The CSRA defines "grievance" to include

-5-

any complaint "by any employee concerning any matter
    relating to the employment of the employee."
    5 U.S.C. § 7103(a)(9)(A).

Zuzul v. McDonald, 98 F. Supp. 3d 852, 861 (M.D.N.C. 2015). "A federal employee's failure to exhaust administrative remedies, however, is a bar to this court's subject matter jurisdiction." Id. at 862. It appears Plaintiff chose to follow procedures likely to be the exclusive procedures for resolving his grievances by electing to proceed with informal counseling, followed by a formal complaint of discrimination. (See Doc. 6-1 at 6.) Importantly,

> [u]nder 5 U.S.C. § 7121(d), once an employee elects to proceed under a negotiated grievance procedure by timely filing a grievance in writing, she must exhaust her administrative remedies within that procedure. See Wilson v. Hagel, No. 5:13-CV-365-F, 2014 WL 3738530, at *3-5 (E.D.N.C. July 29, 2014); Frasure v. Principi, 367 F. Supp. 2d 245, 253 (D. Conn. 2005) ("Whichever route the employee chooses [under § 7121(d)], she must then exhaust that administrative remedy before pursuing her claim in court."). Importantly, facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir.1999).

Zuzul, 98 F. Supp. 3d at 862-63. Plaintiff fails to allege that he exhausted his administrative remedies.

This court also adopts the Magistrate Judge's finding that Plaintiff has failed to plausibly allege factual matter supporting his claims. Even assuming Plaintiff's claims are plausibly alleged within the various complaints and findings

-6-

included in Plaintiff's filings, the EEO investigation concluded that "[t]he burden now shifts for the complainant to demonstrate that the articulated reasons of management are pretext." (Doc. 6-1 at 45.)

> [T]o survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). In this regard, while a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510–15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Coleman v. Md. Ct. of App., 626 F.3d 187, 190 (4th Cir. 2010) (cleaned up), aff'd sub nom. Coleman v. Ct. of App. of Md., 566 U.S. 30 (2012). Even if this court finds that the allegations of Plaintiff's complaint should be read to include the report of investigation, (Doc. 6-1), this court is compelled to conclude those allegations include management's obvious alternative explanations for their actions and Plaintiff's failure to provide any plausible facts establishing pretext. As a result, this court agrees with the Magistrate Judge that this complaint fails to allege "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 556 U.S. at 678.

Plaintiff's filings make it clear that his employer was the Veteran's Administration. The Magistrate Judge accurately found, in the Recommendation, that Plaintiff had not named proper defendants in his complaint. However, given that the report of investigation identifies Plaintiff's employer as the Veteran's Administration, and Plaintiff's complaint could clearly be amended to name an employer, as opposed to his supervisors, this court will not adopt that part of the Recommendation.

This court therefore adopts the Recommendation as described herein.

Finally, Plaintiff has included in his objections a request that this court appoint an attorney to represent Plaintiff. (See, e.g., Doc. 7 at 1.)

> A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see also Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it."

Perkins v. Donoway, No. CV CCB-20-811, 2021 WL 4054325, at *1 (D. Md. July 16, 2021), appeal dismissed, No. 21-7275, 2022 WL 227513 (4th Cir. Jan. 25, 2022). This case does not present

-8-

Case 1:21-cv-00813-WO-LPA   Document 8   Filed 01/04/23   Page 8 of 9

exceptional circumstances that would warrant the appointment of counsel. Plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Text Recommendation filed on November 7, 2022 is **ADOPTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 4th day of January, 2023.

_____
United States District Judge

-9-

Case 1:21-cv-00813-WO-LPA   Document 8   Filed 01/04/23   Page 9 of 9